IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAVIS COMUNDOUIWILLA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br><br><br>MS. EVANS, et al.,<br><br>　　　　Defendants. | 1:04 CV 6721 LJO WMW PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO<br>FILE AN AMENDED COMPLAINT<br><br>(THIRTY DAY DEADLINE) |

　　　　Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　This action proceeds on the second amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Calipatria State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Tehachapi State Prison.  The events that give rise to this lawsuit occurred while Plaintiff was housed at Tehachapi.

　　　　Plaintiff's allegations in this complaint relate to grooming standards.  Plaintiff alleges that, as a result of his refusal to comply with the CDCR grooming standards, he has been disciplined by being assigned a different custody status.  The complaint recites numerous

1

instances of Plaintiff being subjected to discipline for refusal to comply with the standards. Plaintiff alleges that the policy violates his right to free exercise of his religious beliefs. Plaintiff also alleges the has been subjected to retaliation.

As to the grooming policy. The California Department of Corrections grooming policy regulating hair length is constitutional. Henderson v. Terhune, 379 F.3d 709, 715-16 (9th Cir. 2004).

As to Plaintiff's allegations of retaliation, "within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his first amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). See also Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)(explaining that a plaintiff must plead facts which suggest "that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision") (citation ommitted).

Plaintiff has not alleged any facts indicating that any of the defendants engaged in any conduct that chilled Plaintiff's exercise of his first amendment rights. The allegations indicate that defendants were acting pursuant to CDCR policy.

The court finds the allegations in plaintiff's complaint fail to state a claim for relief. The complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file a third amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

1  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
2  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3　　　　In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
4  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
5  complaint be complete in itself without reference to any prior pleading.  This is because, as a
6  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
7  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
8  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
9  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

10　　　　In accordance with the above, IT IS HEREBY ORDERED that:

11　　　　1. Plaintiff's second complaint is dismissed; and

12　　　　2. Plaintiff is granted thirty days from the date of service of this order to file a
13  third amended complaint that complies with the requirements of the Civil Rights Act, the Federal
14  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
15  docket number assigned this case and must be labeled "Third Amended Complaint."  Failure to
16  file an amended complaint in accordance with this order will result in a recommendation that this
17  action be dismissed.

20  IT IS SO ORDERED.

21  **Dated:   August 27, 2008**　　　　　　　　　/s/  William M. Wunderlich
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE