1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9  LAMAVIS A. COMUNDOIWILLA,                 CASE NO. 1:04-cv-06721-LJO-YNP PC

10              Plaintiff,                   ORDER REQUIRING PLAINTIFF EITHER TO
                                            FILE AMENDED COMPLAINT, OR TO
11     v.                                   NOTIFY COURT OF WILLINGNESS TO
                                            PROCEED ONLY ON CLAIMS FOUND TO BE
12  M.S. EVANS, et al.,                     COGNIZABLE

13              Defendants.                 (Doc. 28)

14  _____/    RESPONSE DUE WITHIN 30 DAYS

15

16         Plaintiff Lamavis A. Comundoiwilla ("Plaintiff") is a state prisoner proceeding pro se and

17  in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is in the custody

18  of the California Department of Corrections and Rehabilitation ("CDCR") and is currently

19  incarcerated at Calipatria State Prison in Calipatria, California.  However, the events described in

20  Plaintiff's complaint took place while Plaintiff was incarcerated at the California Correctional

21  Institution in Tehachapi, California ("CCI-Tehachapi'").  Plaintiff is suing under section 1983 for

22  the violation of his rights under the First and Fourteenth Amendments.  Plaintiff also claims that

23  Defendants violated the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").

24  Plaintiff names Edward S. Alamedia (former director of the CDCR), Jeanne Woodford (former

25  director of CDCR), M.S. Evans (warden, CCI-Tehachapi), K.E. Todd (warden, CCI-Tehachapi), A.

26  Lopez (warden, CCI-Tehachapi), D. Chapman (correctional counselor II), and R. Liles (sergeant,

27  CCI-Tehachapi) as defendants.  For the reasons set forth below, the Court finds that Plaintiff's

28  complaint states some cognizable claims.  Plaintiff will be ordered to either (1) notify the Court that

1

1   he amenable to dismissing the non-cognizable claims and wishes to proceed only on the cognizable

2   claims, or (2) file an amended complaint which cures the deficiencies identified in his non-

3   cognizable claims.

4   **I.    <u>Screening Requirement</u>**

5          The Court is required to screen complaints brought by prisoners seeking relief against a

6   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

8   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

9   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

11  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

12  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

13         In determining whether a complaint fails to state a claim, the Court uses the same pleading

14  standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must

15  contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.

16  R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual

17  allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

18  accusation."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v.</u>

19  <u>Twombly</u>, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,

20  accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Id.</u> (quoting <u>Twombly</u>, 550

21  U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent' with' a defendant's

22  liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  <u>Id.</u>

23  (quoting <u>Twombly</u>, 550 U.S. at 557).  Further, although a court must accept as true all factual

24  allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.

25  <u>Id.</u>  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

26  statements, do not suffice."  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555).

27  ///

28  ///

2

## II.    Background

### A.    Procedural Background

Plaintiff filed the original complaint in this action on December 17, 2004.  (Doc. #1.)  After Plaintiff filed two amended complaints, the Court screened Plaintiff's second amended complaint on August 27, 2008 and found that it failed to state any claims.  (Doc. #17.)  Plaintiff filed another amended complaint on July 17, 2009.  (Doc. #28.)  This action proceeds on Plaintiff's July 17, 2009 amended complaint.

### B.    Factual Background

Plaintiff is an orthodox Muslim.  Plaintiff claims that he is required by his religion to wear facial hair and shoulder-length hair.  CDCR policy prohibited Plaintiff from growing facial hear or having shoulder length hair.  Plaintiff received a rules violation report ("RVR") for his hair on December 16, 2003.  After receiving the RVR, Defendant Chapman placed Plaintiff on "C status."  As a result of being placed on C status, Plaintiff lost a number of privileges.  Plaintiff had limited access to the shower, limited time outside his cell, could not possess certain personal property, could not receive quarterly vendor packages, could not use the telephone, had restricted access to the commissary, and could not participate in recreational or dayroom activities.  Plaintiff claims that regulations do not permit an inmate to be placed on C status from having a single RVR.  Plaintiff claims that Chapman put Plaintiff on C status because Plaintiff had a "minor argument" with Sergeant D. Liles, a friend of Defendant Chapman and the wife of Defendant Liles.

Plaintiff's C status was ordered to be vacated on September 13, 2004 after filing an administrative grievance.  After Plaintiff's C status was removed, Defendant Chapman told Plaintiff "I've told my staff to get your ass again, don't worry your[sic] going back on 'C' Status."  (Compl. ¶ 14.)

While Plaintiff was on C status, Plaintiff wrote numerous letters to Defendants Alamedia, Woodford, Evans, Todd, and Lopez informing them about RLUIPA and the religious mandates that required Plaintiff to wear his hair in violation of CDCR policy.

On December 10, 2004, Plaintiff received another RVR for failing to comply with CDCR grooming standards.  Plaintiff was given another RVR on January 25, 2005.  Plaintiff was told that

this rules violation was characterized as a "serious" because he had been issued two prior RVRs about the same conduct. Plaintiff was found guilty of the serious RVR on February 25, 2005. On March 9, 2005, Plaintiff was placed on C status again. Plaintiff remained on C status until his transfer to Calipatria State Prison on March 2, 2006.

Plaintiff also claims that Defendant Liles prevented Plaintiff from attending Jumu'ah prayer services. On March 19, 2004, Liles ordered Officer M. Bravo to not allow Plaintiff to attend Jumu'ah prayer services. When Plaintiff confronted Liles, Liles told Plaintiff that he was an active duty reservist anticipating deployment in Iraq. Liles further told Plaintiff that he would be fighting Muslims and that he hated Muslims because of the 9/11 terrorist attacks. Liles told Plaintiff that he would make sure Plaintiff never attended Jumu'ah prayer services again. Plaintiff filed an inmate grievance that was denied at all levels. Plaintiff was not permitted to attend Jumu'ah prayer services until he was transferred to Calipatria State Prison.

Plaintiff claims that Defendants actions violated Plaintiff's rights under the First and Fourteenth Amendments and the RLUIPA.

**III.   Discussion**

    **A.   Unrelated Claims**

Plaintiff raises a new claim against Defendant Liles in his amended complaint. Plaintiff claims that Liles violated Plaintiff's rights by prohibiting Plaintiff from attending Jumu'ah prayer services. However, Plaintiff's claims against Liles do not arise out of the same transaction, occurrence, or series of transactions as his other claims. In other words, Plaintiff's claims against Liles are factually unrelated to his other claims. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions. However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and

1  prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act.[1]

2  28 U.S.C. § 1915(g).

3      Plaintiff's claims with respect to CDCR's hair-length regulations involve Defendants

4  Alamedia, Woodford, Evans, Todd, Lopez, and Chapman.  Plaintiff's claims with respect to being

5  denied access to Jumu'ah prayer services only involves Defendant Liles.  Thus, his two sets of

6  claims involve different Defendants and may not be joined under Rule 18(a).  Further, the two sets

7  of claims do not arise out of the same transaction, occurrence, or series of transactions.  Therefore,

8  his two sets of claims may not be joined under Rule 20(a).  The Court recommends that this action

9  proceed under Plaintiff's RLUIPA claims challenging CDCR's hair-length regulations and that

10  Plaintiff's claims against Defendant Liles be dismissed.  If Plaintiff wishes to pursue his claims

11  against Liles, they must be brought in a separate lawsuit.

12      **B.**    **First Amendment Claims**

13      Plaintiff claims that Defendants violated his rights under the First Amendment by interfering

14  with the exercise of his religion.  "[A] prisoner inmate retains those First Amendment rights that are

15  not inconsistent with his [or her] status as a prisoner or with the legitimate penological objectives

16  of the corrections system."  Pell v. Procunier, 417 U.S. 817, 822 (1974).  The First Amendment of

17  the United States Constitution provides that "Congress shall make no law respecting the

18  establishment of religion, or prohibiting the free exercise thereof . . . ."  U.S. Const., amend. I.

19  "Inmates clearly retain protections afforded by the First Amendment . . . including its directive that

20  no law shall prohibit the free exercise of religion".  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348

21  (1987) (citing Pell v. Procunier, 417 U.S. 817, 822 (1974); Cruz v. Beto, 405 U.S. 319 (1972)).

22  However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many

23  privileges and rights, a retraction justified by the considerations underlying our penal system.'"  Id.

24  (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)).  "[W]hen a prison regulation impinges on

25  inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate

26  penological interests."

27  

28      [1]The Prison Litigation Reform Act allows prisoners to file complaints without prepayment of the filing fee unless they have previously filed three frivolous suits as a prisoner.  28 U.S.C. §1915(a),(g).

1   First Amendment challenges to CDCR's hair-length regulations have been raised and rejected

2   in the Ninth Circuit.  Henderson v. Terhune, 379 F.3d 709, 712-16 (9th Cir. 2004).  Plaintiff's

3   complaint fails to allege any facts that suggest that hair-length regulations are not reasonably related

4   to legitimate penological interests.  Plaintiff fails to state any claims under the First Amendment.

5   **B.   RLUIPA Claims**

6   Plaintiff also challenges CDCR's hair-length regulations under the RLUIPA.  The RLUIPA

7   establishes more stringent standards with respect to governmental interference with religion.  The

8   Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

9   No government shall impose a substantial burden on the religious
    exercise of a person residing in or confined to an institution. . . , even

10  if the burden results from a rule of general applicability, unless the
    government demonstrates that imposition of the burden on that

11  person–
    (1) is in furtherance of a compelling government interest; and

12  (2) is the least restrictive means of furthering that compelling
    government interest.

13

14  42 U.S.C. § 2000cc-1.  In order to state a claim for violation of RLUIPA, a plaintiff must

15  demonstrate that the defendants substantially burdened the exercise of his/her religious beliefs.

16  Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005).  If the plaintiff meets that burden,

17  the defendants must demonstrate that "any substantial burden of the plaintiff's exercise of his/her

18  religious beliefs is both in furtherance of a compelling governmental interest and the least restrictive

19  means of furthering that compelling governmental interest."  Id. (emphasis in original).  "RLUIPA

20  is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs."

21  Id.  Under RLUIPA, "religious exercise" is defined to include "any exercise of religion, whether or

22  not compelled by, or central to, a system of religious belief."  42 U.S.C. § 2000cc-5(7)(A); Greene

23  v. Solano County Jail, 513 F.3d 982, 986 (9th Cir. 2008).  "In fact, RLUIPA 'bars inquiry into

24  whether a particular belief or practice is 'central' to a prisoner's religion.'"  Id. (quoting Cutter v.

25  Wilkinson, 544 U.S. 709, 725 n.13 (2005)).

26  Plaintiff alleges that Defendants substantially burdened the exercise of his religious beliefs

27  because he is required by his religion to have facial hair and shoulder length hair that violates

28  ///

6

1    CDCR's hair-length regulations.  Thus, Plaintiff has alleged enough facts to support a claim under

2    RLUIPA against Defendants Alamedia, Woodford, Evans, Todd, Lopez, and Chapman.

3           **C.**      **Due Process Claims**

4        Plaintiff claims that Defendants violated his rights under the Due Process Clause of the

5    Fourteenth Amendment.  The Due Process Clause protects prisoners from being deprived of liberty

6    without due process of law.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  In order to state a

7    cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty

8    interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause

9    itself or from state law.  <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983).  Liberty interests created by

10    state law are generally limited to freedom from restraint which "imposes atypical and significant

11    hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Sandin v. Conner</u>, 515

12    U.S. 472, 484 (1995).  In determining whether a hardship is sufficiently significant enough to

13    warrant due process protection, the Court looks to (1) whether the challenged condition mirrored

14    those conditions imposed upon inmates imposed upon inmates in administrative segregation and

15    protective custody and is thus within the prison's discretionary authority to impose, (2) the duration

16    of the condition and the degree of restraint imposed; and (3) whether the state's action will invariable

17    affect the duration of the prisoner's sentence.  <u>Ramirez v. Galaza</u>, 334 F.3d 850, 861 (9th Cir. 2003).

18        Plaintiff fails to state any cognizable due process claims.  Even assuming that Plaintiff has

19    a protected liberty interest in the various privileges he lost, or that Plaintiff has a protected liberty

20    interest in practicing his religion that is protected by the Due Process Clause on top of the protections

21    under the First Amendment/RLUIPA, Plaintiff has not alleged that he was denied any procedural

22    protections guaranteed by the Due Process Clause.  Plaintiff was placed on C status and lost

23    privileges after he received a disciplinary hearing.  Plaintiff has not alleged that he was denied due

24    process at his disciplinary hearings.  "Prison disciplinary proceedings are not part of a criminal

25    prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."

26    <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  With respect to prison disciplinary proceedings, the

27    minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least

28    24 hours between the time the prisoner receives written notice and the time of the hearing, so that

the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71.  As long as the five minimum Wolff requirements are met, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).  Plaintiff has not alleged that he was denied the five minimum Wolff requirements.  Plaintiff's claims are more properly raised and analyzed under the First Amendment and the RLUIPA, not the Due Process Clause.

**IV.   Conclusion and Order**

Plaintiff's complaint states cognizable claims against Defendants Alamedia, Woodford, Evans, Todd, Lopez, and Chapman for violating Plaintiff's rights under the RLIUPA.  Plaintiff's complaint fails to state claims against any other defendants.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff six (6) summonses and six (6) USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P.

10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

a.    File an amended complaint curing the deficiencies identified by the Court in this order, or

b.    Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Alamedia, Woodford, Evans, Todd, Lopez, and Chapman for violation of the RLUIPA; and

///

9

3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.


IT IS SO ORDERED.

**Dated:**   **February 22, 2010**                    _____/s/ **Gary S. Austin**_____
                                                     UNITED STATES MAGISTRATE JUDGE