# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAVIS A. COMUNDOIWILLA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>M. S. EVANS, et al.,<br><br>　　　　　　Defendants.<br>_____ / | CASE NO. 1:04-cv-06721-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN DEFENDANTS FOR FAILURE TO STATE A COGNIZABLE CLAIM AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT<br><br>(ECF Nos. 60, 62)<br><br>THIRTY DAY DEADLINE |

**I.　Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")). Following Defendants' motion for summary judgment, an order issued granting Plaintiff one final opportunity to file an amended complaint raising only claims for injunctive relief based upon his classification points. (ECF No. 54.) Currently before the Court is Plaintiff's third amended complaint, filed May 20, 2011, and Defendants Alameida and Woodford's motion to dismiss, filed June 9, 2011. (ECF Nos. 60, 62.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1  In determining whether a complaint states a claim, the Court looks to the pleading standard
2 under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and
3 plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
4 "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it
5 demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.
6 Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555
7 (2007)).

8  Under section 1983, Plaintiff must demonstrate that each defendant personally participated
9 in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires
10 the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.
11 at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]
12 pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line
13 between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting
14 Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations
15 contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129
16 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere
17 conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

18 **II.    Complaint Allegations**

19  Plaintiff is in the custody of the California Department of Corrections and Rehabilitation
20 ("CDCR") and is currently housed at Calipatria State Prison. Plaintiff, an orthodox Muslim, holds
21 a religious belief that he is required to wear facial hair and the hair on his head should be at least
22 shoulder length. (Third Amended Compl. 7, ECF No. 60.[1]) Under the grooming regulations in place
23 while Plaintiff was housed at the California Correctional Institution, Tehachapi, Plaintiff began
24 receiving rule violations for failing to comply with the grooming standard which prohibited inmates
25 from having facial hair and shoulder length hair. (Id.)

26  On December 16, 2003, Plaintiff received a rule violation based upon his noncompliance

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

with the grooming standard, Plaintiff was found guilty of the rule violation, but on appeal the findings were vacated and sanctions were reversed on September 30, 2004. On December 10, 2004; January 25, 2005; and February 25, 2005, Plaintiff was found guilty by a hearing officer of a rule violation for failing to comply with the grooming standard and sanctions were issued. (Id. at 8.)

Plaintiff brings this action against Defendants Cate, Alameida, Woodford, and Does 1-100, in their individual capacities, seeking injunctive relief from Defendant Cate, current Secretary of the CDCR, requiring complete expungement of all adverse actions and restoration of all classification points related to the grooming standard. (Id. at 6, 10.)

### III. Discussion

A plaintiff "must allege a violation of his constitutional rights and show that the defendant acted under color of state law" to state a claim under section 1983. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 921 (9th Cir. 2011) (quoting Gritchen v. Collier, 254 F.3d 807, 812 (9th Cir. 2001)). To state a claim under RLUIPA a plaintiff must show that a person acting under color of state law "imposed a substantial burden on his religious exercise. Florer, 639 F.3d at 921. The first step is to identify the religious exercise that is being affected and then determine if the policy at issue is a substantial burden on that religious exercise. Greene v. Solano County Jail, 513 F.3d 982, 987 (9th Cir. 2008). RLUIPA defines "religious exercise" as "*any* exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C § 2000cc-5(7)(A). "[P]unishments to coerce a religious adherent to forgo her or his religious beliefs is an infringement on religious exercise." Warsoldier v. Woodford, 418 F.3d 989, 996 (9th Cir. 2005.)

Plaintiff alleges that he was found guilty of a rule violation he received on December 16, 2003, and was issued sanctions for the violation which were reversed. Accordingly, Plaintiff's motion for injunctive relief is moot as to the December 16, 2003 violation. Plaintiff has stated a claim against the unidentified officers who conducted the rule violation hearings on December 10, 2004; January 25, 2005; and February 25, 2005. However, Plaintiff has not sufficiently linked any other defendants named in his complaint to any acts or omissions that purportedly led to the violation of those rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Because Plaintiff is proceeding in forma pauperis, the Court must appoint the United States

Marshal to serve each defendant with a summons and complaint. Fed. R. Civ. Pro. 4(c)(2). However, the Marshal cannot locate and serve unidentified defendants. Plaintiff will need to provide the Court with further information to assist the Marshal in serving Defendants.

**IV.     Motion to Dismiss**

Defendants Woodford and Alameida filed a motion to dismiss arguing that Plaintiff's claims against them in their personal capacities is moot and Plaintiff failed to establish that Defendants Woodford or Alameida personally participated in the deprivation of his rights under RLUIPA. Based upon the finding that Plaintiff failed to state a cognizable claim against Defendants Woodford or Alameida, Defendants' motion should be denied as moot.

**IV.     Conclusion and Recommendation**

Plaintiff's complaint states a cognizable claim against three unidentified Defendants for a violation of RLUIPA, but does not state any other claims for relief under section 1983. Plaintiff will need to file an amended complaint to identify the hearing officers who conducted the rule violation hearings on December 10, 2004; January 25, 2005; and February 25, 2005. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Because Plaintiff has previously been notified of the legal standards that apply to his claims and was given one final opportunity to amend, the Court recommends that the non-cognizable claims be dismissed, with prejudice. Noll, 809 F.2d at 1448-49. Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff be required to provide the Court with further information to assist the Marshal in serving the hearing officers who conducted the hearings on December 10, 2004; January 25, 2005; and February 25, 2005;

2. Defendants Cate, Alameida, and Woodford be dismissed from this action for Plaintiff's failure to state any claims under section 1983; and

3. Defendants Alameida and Woodford's motion to dismiss, filed June 9, 2011, be DENIED as moot.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30)

4

days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

      IT IS SO ORDERED.

**Dated:     August 23, 2011**                                     /s/ Sandra M. Snyder
                                                                            UNITED STATES MAGISTRATE JUDGE