# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMAVIS A. COMUNDOIWILLA, | CASE NO. 1:04-cv-06721-LJO-BAM PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| v. | (ECF No. 64) |
| M. S. EVANS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")). This action was filed on December 17, 2004. On October 13, 2011, an order issued dismissing certain claims and defendants and directing Plaintiff to provide information within thirty days to identify the Doe Defendants. More than thirty days have passed and Plaintiff has failed to provide the information or otherwise respond to the Court's order. Plaintiff was warned that failure to respond would result in this action being dismissed.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d

1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  <u>Id.</u> (citation omitted).

  Based on Plaintiff's failure to comply with or otherwise respond to the court order, the Court is left with no alternative but to dismiss the action for failure to prosecute.  <u>Id.</u>  This action, which has been pending since 2004, can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  <u>Id.</u>  Accordingly, this action is HEREBY DISMISSED for failure to prosecute, without prejudice.

  IT IS SO ORDERED.

**Dated:   November 29, 2011**           /s/ Lawrence J. O'Neill
              UNITED STATES DISTRICT JUDGE